IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sherye Epps d/b/a Sunshine Shoes, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:16-cv-2747-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Midvale Indemnity Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report"), which was filed on December 4, 2017, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). In her Report, Magistrate Judge Kaymani D. West recommends that the Court grant Defendant Midvale Indemnity Company's ("Midvale") motion to enforce the parties' mediated settlement agreement (ECF No. 37). Magistrate Judge West also recommends that the Court require Plaintiff to sign the proposed general release before she may receive the settlement proceeds. According to the Report, pursuant to the terms of the parties' mediated settlement agreement and the fee contract between Plaintiff and her former attorneys, Evans Moore, LLC, the $30,000.00 settlement amount to be paid by Midvale should be reduced by $9,932.99 (for fees of $3,150.00 and costs of $6,782.99 payable to Evans Moore, LLC), and Midvale also should receive $3,977.00 in attorney's fees, leaving a total amount payable to Plaintiff of $16,090.01.

Attached to the Magistrate Judge's Report was a notice advising the parties of their right to file written objections to the Report within fourteen days of being served with a

copy. On December 6, 2017, Plaintiff filed a motion for U.S. Marshal Service (ECF No. 94). Then, on December 18, 2017, Plaintiff filed a number of other documents as attachments to her motion for U.S. Marshal Service. On December 20, 2017, Plaintiff filed objections to the Report along with 46 pages of supporting documents. Also, on December 18, 2017, Defendant Midvale filed objections to the Magistrate Judge's Report, urging the Court to adopt the Magistrate Judge's findings but asking the Court to assess sanctions in a greater amount than that recommended by the Magistrate Judge based on Plaintiff's most recent conduct, including her pursuit of relief in the closed state court action which formed the basis of this removed action and her filing of an incident report with the Florence County Sheriff's Office.

## STANDARDS OF REVIEW

First, with respect to the Magistrate Judge's Report, she makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory

2

committee's note).

Next, as the Magistrate Judge noted in her report, with respect to the parties' mediated settlement agreement, "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). To exercise this power, a district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Id.* at 540-41. In making these determinations, courts generally rely on standard contract principles. *Topiwala v. Wessell*, 509 F. App'x 184, 186 (4th Cir. 2013). The first step is to look to "the objectively manifested intentions of the parties" to determine whether there was a meeting of the minds. *Moore v. Beaufort Cnty.*, 936 F.2d 159, 162 (4th Cir. 1991). To the extent "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily." *Hensley*, 277 F.3d at 541 (emphasis in original) (footnote omitted). Instead, the district court must hold a plenary evidentiary hearing to resolve the dispute. *Id.* (quoting *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir.1981)). In the event a settlement "has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is 'comparatively insubstantial.'" *Id.* at 540 (quoting *Millner*, 643 F.2d at 1009) (internal citation omitted). "[H]aving second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. F.D.I.C.*, 103 F.3d 1180, 1195 (4th Cir. 1997).

## DISCUSSION

Plaintiff originally filed this action against Defendant in state court (case number 2016-CP-21-1243), alleging breach of contract and bad faith refusal to pay. Defendant removed the case to this Court on the basis of diversity jurisdiction on August 5, 2016. After removal, this Court ordered the parties to participate in mediation by August 7, 2017.

On June 29, 2017, with Karl A. Folkens serving as mediator, the parties mediated the matter to a full resolution and advised the Court of their settlement on June 30, 2017. On June 29, 2017, the parties executed a "mediated settlement agreement," which includes the caption of this litigation and sets out the complete terms of the parties' agreement, including information about the sum to be paid by Defendant, the release that Plaintiff must sign, as well as information about the payment for mediation and the logistics of dismissing the matter in court. Plaintiff, her then-attorneys (Moore and Evans), Plaintiff's mother, defense counsel J. Kull, and another party (whose signature is not legible) all signed the settlement agreement. The Court issued a *Rubin* order on July 5, 2017.

On July 28, 2017, Plaintiff filed a pro se motion asking that the Court grant her a six-month release from all creditors. The motion was docketed as a motion for extension of time. Thereafter, Plaintiff's counsel filed a motion to be relieved as counsel based on a breakdown in communication with Plaintiff, and Defendant filed a motion to enforce the parties' settlement agreement. Because the filings made it clear to the Court that the parties had not consummated their settlement, the Court reopened this matter and held a hearing on the pending motions on September 19, 2017.

After hearing the parties' arguments, the Court granted Plaintiff's counsel's motion to withdraw, and because Plaintiff would be proceeding pro se, the Court referred the

4

remaining issues, including Defendant's motion to enforce the settlement agreement, to Magistrate Judge West for further proceedings.

The Magistrate Judge advised Plaintiff of the pleading and practice rules and instructed her to file a written response to Defendant's motion. Plaintiff filed voluminous documents, totaling over 1500 pages, and on November 14, 2017, the Magistrate Judge held a hearing on the pending matters. After considering the documentary and testamentary evidence, the Magistrate Judge issued a thorough, 23-page Report outlining the issues and recommending that the Court enforce the parties' mediated settlement agreement. As the Magistrate Judge noted, the language in the mediated settlement agreement, which was agreed to and signed by Plaintiff and her then-counsel, is not ambiguous and represents a complete agreement with clear terms. As the Magistrate Judge also noted, at the end of the hearing, after the Magistrate Judge discussed the issues raised by Plaintiff (a thorough description of which is included in the Report), Plaintiff indicated on the record that she agreed to the mediated settlement agreement and that she would sign the proposed general release so this matter could be ended.

At the hearing, the Magistrate Judge specifically considered Plaintiff's concerns about the amount of the settlement. Specifically, Plaintiff believed she was entitled to more than the agreed-to $30,000.00 and/or that an additional amount had been paid or agreed to by Defendant. The Magistrate Judge rejected Plaintiff's arguments and explained to her, among other things, that just because Plaintiff was required to maintain a certain level of liability insurance coverage did not transform the policy at issue into a policy that provides more coverage than she actually purchased. In addition, the Magistrate Judge explained that the requirement for liability insurance relates to insurance that Plaintiff might use if she

was sued or found liable to another, which is not the case here.

The Magistrate Judge also considered Plaintiff's concerns about the general release and again rejected Plaintiff's arguments, assuring Plaintiff that the only matter resolved in the parties' mediated settlement agreement and the only matter covered by the proposed general release is this case against Midvale related to her October 2015 claims on the Midvale policy at issue. The Magistrate Judge explained to Plaintiff that Midvale has always maintained the legal position that the policy at issue does not cover Plaintiff's claim because of policy exclusions, and that if Plaintiff does not sign the general release, or if the settlement agreement is not enforced, then Plaintiff would be required to establish that the policy does cover her claim, and, if Plaintiff could not establish liability on the part of Midvale, this case could end with her receiving nothing.

As to the final amount to be paid to Plaintiff, the Magistrate Judge outlined the fees and costs incurred by Plaintiff's former counsel, relying on the settlement statement prepared by Plaintiff's former counsel, which was provided to the Court at the hearing. This amount ($3,150.00 in attorney's fees and $6,782.99 in expenses in costs) deducted from the $30,000.00 settlement amount left a remainder of $20,067.01 for Plaintiff.

Next, however, the Magistrate Judge considered Midvale's requested sanctions. Specifically, in its motion to enforce the settlement, Midvale asserted the Plaintiff violated the terms of the agreement by refusing to sign the general release and by disclosing the terms of the agreement in public court filings despite the agreement's confidentiality provision. Midvale requested that the Court sanction Plaintiff by reducing the amount of the settlement from $30,000.00 to $15,000.00. In a subsequent filing, however, Midvale asked that the Court reduce the $30,000.00 settlement amount by the amount Midvale

incurred to enforce the settlement, which at the time was $3,977.00 in fees and costs.  At the November 14 hearing, counsel for Midvale advised the Court that although it does still seek sanctions, it would be willing to accept the amount of fees set out in its reply rather than having to update the figure with additional fees incurred.  The Magistrate Judge ultimately agreed with Midvale's latter request and recommended that the Court award Midvale $3,977.00 out of the settlement proceeds, leaving Plaintiff with a final payment of $16,090.01.

Here, the Court has thoroughly reviewed the record as a whole, including the most recent filings by Plaintiff and Defendant.  As an initial matter, the Court notes that the documents filed by Plaintiff on December 6 and 18 do not specifically object to any portion of the Magistrate Judge's Report.  In addition, the Court notes that Plaintiff's objections, which she filed on December 20, are untimely.  The Magistrate Judge's Report was filed on December 4, 2014, and objections were due on December 18, 2017.  Although a party receives an additional three days to file objections if served by mail or otherwise allowed under Rule 6 of the Federal Rules of Civil Procedure, here, Plaintiff was personally served with a copy of the Report on December 4, making her objections due December 18.  (*See* ECF No. 93 (noting that Plaintiff was in the office when the Report was filed and that she wanted copies given to her personally rather than being mailed).)  Nevertheless, even considering Plaintiff's objections (along with her other post-Report filings), the Court finds them wholly without merit.  Plaintiff simply rehashes incorrect and irrelevant arguments and many of her assertions simply make no sense.  Most importantly, nowhere does Plaintiff point to any legal or factual error in the Magistrate Judge's Report sufficient to alter the outcome of this matter.

Next, with respect to Defendant Midvale's objections, Midvale agrees with the Magistrate Judge's findings and recommendations as to the enforcement of the parties' settlement agreement and only disagrees with the Report by asking the Court to assess sanctions in an amount greater than that assessed by the Magistrate Judge. Specifically, Midvale asks the Court to award it at least $10,044.88, which Midvale asserts is the amount of fees and expenses it has incurred since Plaintiff refused to comply with the mediated settlement agreement. Defendant does not offer any additional documentation supporting the requested amount but asserts in a footnote that it will provide a full accounting of its time and fees incurred if the Court so directs.

After consideration, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court adopts the Magistrate Judge's Report in full. As such, the Court grants Defendant's motion to enforce settlement (ECF No. 37) and orders that the mediated settlement agreement be enforced in full. As the Magistrate Judge recognized, it is plain from the record that the parties reached a complete settlement with clear, enforceable terms. Plaintiff shall sign the proposed general release in order to receive her settlement check.

Next, as to the amount of Plaintiff's settlement check, the Court agrees with the Magistrate Judge that the $30,000.00 settlement amount should be reduced by $9,932.99 in attorney's fees and costs and expenses payable to Plaintiff's former counsel. In addition, although the Court appreciates the efforts Midvale has made in responding to Plaintiff's lengthy and largely frivolous filings, and the Court understands the frustration caused by Plaintiff's recent conduct, the Court declines to assess sanctions in an amount greater than the Magistrate Judge recommended. Instead, the Court agrees with the Magistrate Judge

that $3,977.00 is an appropriate award. Thus, the Court finds that in addition to the attorneys' fees and costs payable to Plaintiff's former counsel, the settlement amount should be reduced by $3,977.00 in attorney's fees awarded to Midvale, leaving Plaintiff with a final amount of $16,090.01.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's Report (ECF No. 90) is adopted in full and incorporated herein; Defendant's motion to enforce settlement (ECF No. 37) is granted; Plaintiff's motion for U.S. Marshal Service (ECF No. 94) is denied; Defendant Midvale's objections (ECF No. 98) are overruled, Plaintiff's objections (ECF No. 99) are overruled; and this matter is ended.

The terms of the parties' mediated settlement agreement shall be enforced in full, and Plaintiff shall sign the proposed general release in order to receive her settlement check. The $30,000.00 settlement amount shall be reduced (1) by $9.932.99 in attorney's fees and costs payable to Plaintiff's former attorneys, Evans Moore, LLC, and (2) by $3,977.00 in attorney's fees awarded to Defendant, leaving Plaintiff a final settlement amount of $16,090.01.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

December 21, 2017
Charleston, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.